UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| THOMAS HENDERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>G. SCHOVILLE, et al.,<br><br>        Defendants. | Case No. CV 00-12616 MMM (JWJ)<br><br>MEMORANDUM AND ORDER DENYING DEFENDANTS' REQUEST FOR PARTIAL JUDGMENT ON THE PLEADINGS |

## I. BACKGROUND

On February 8, 2001, plaintiff Thomas Henderson, proceeding pro se, filed in this Court a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" (hereinafter "Complaint"), requesting monetary damages and injunctive relief under 42 U.S.C. § 1983. The Court screened the Complaint pursuant to the Prison Litigation Reform Act, the Federal Rules of Civil Procedure, the Local Rules of the Central District of California and 28 U.S.C. §§ 1915(e)(2) and 1915A. Although screening revealed that the Complaint was prolix and difficult to follow, the Court construed the Complaint as presenting, inter alia, the following claims: (1) plaintiff's due process rights were violated because prison officials falsified reports that plaintiff's hair did not comply with prison

1  grooming standards; (2) plaintiff's equal protection rights were violated because
2  prison officials allow white inmates to wear their hair longer than permitted by
3  prison grooming regulations while enforcing those same grooming regulations
4  against black inmates; (3) prison officials conspired against plaintiff by filing
5  grooming charges; and (4) prison officials retaliated against plaintiff because
6  plaintiff had filed prior grievances and civil rights complaints against them.
7  (October 16, 2001 Report and Recommendation, p. 6.)

8       On November 27, 2001, the Court dismissed plaintiff's Complaint for
9  failure to exhaust prison administrative remedies through the third and final
10 level of appeal (the Director's Level), as required by 42 U.S.C. § 1997e(a), and
11 on December 10, 2001, plaintiff filed a Notice of Appeal to the Ninth Circuit
12 Court of Appeals.  Subsequent to this Court's judgment dismissing the case,
13 the Ninth Circuit held that exhaustion under 42 U.S.C. § 1997e(a) is an
14 affirmative defense rather than a pleading requirement.  See Wyatt v. Terhune,
15 315 F.3d 1108, 1119 (9th Cir. 2003).  Thus, on February 20, 2003, the Ninth
16 Circuit vacated the district court's judgment and remanded the matter for
17 further proceedings.  See Henderson v. Schoville, 56 Fed. Appx. 406 (9th Cir.
18 2003) (mem.).

19      On April 18, 2003, this Court dismissed plaintiff's Complaint with leave
20 to amend to allow plaintiff to correct deficiencies in the remaining viable
21 claims.  Specifically, the Court explained that:  (1) plaintiff's claims of
22 conspiracy were conclusory; (2) plaintiff had not alleged facts sufficient to
23 show that a deprivation of constitutional rights resulted from the alleged
24 conspiracy; (3) plaintiff's claims of retaliation were conclusory; and (4) plaintiff
25 had not alleged facts sufficient to show that his right to equal protection
26 against invidious discrimination based on race had been violated.  (April 18,
27 2003 Order, p. 2.)  The Court granted plaintiff twenty-eight days to file an
28 amended complaint. (Id.)

1    This Court filed a Report and Recommendation on January 29, 2004,
2 wherein it was recommended that the action be dismissed with prejudice for
3 plaintiff's failure to prosecute and comply with the Court's orders; the Court
4 noted that plaintiff was specifically ordered to file a First Amended Complaint
5 by a certain date, and that plaintiff not only failed to file an amended
6 complaint, but expressly stated his intent not to do so.  (January 29, 2004
7 Report and Recommendation, pp. 4-5.)   On July 16, 2004, having considered
8 plaintiff's objections, the Court withdrew its January 29, 2004 Report and
9 Recommendation and reinstated plaintiff's February 8, 2001 Complaint; the
10 Court explained that the matter would proceed on the Complaint as filed.
11 (July 16, 2004 Order, p. 1.)

12    On January 24, 2005, defendants filed an Answer to plaintiff's
13 Complaint.  On December 29, 2005, defendants G. Schoville, P. Collier, S.
14 White, K. Spearman, R. Thurman, M. Terry, W. Mitchell, L. Melching, E.
15 Comstock, and R. Van Gorder filed a "Motion for Judgment on the Pleadings,"
16 wherein defendants argued that plaintiff: (1) failed to exhaust administrative
17 remedies; and (2) failed to state a claim for violation of due process or equal
18 protection.  On January 11, 2006, plaintiff filed an opposition to defendants'
19 Motion for Judgment on the Pleadings.  On September 28, 2006, this Court
20 denied defendants' Motion for Judgment on the Pleadings.

21    On January 22, 2007, defendants filed a Request for Partial Judgment on
22 the Pleadings (hereinafter "Request"), along with a "Memorandum of Points
23 and Authorities" (hereinafter "MPA").  On January 29, 2007, plaintiff filed an
24 Objection to Defendants' Request.  On March 2, 2007, this Court provided
25 defendants the opportunity to clarify the results of plaintiff's request for a third
26 level of administrative review; defendants filed a Clarification in support of
27 their Request (hereinafter "Clarification") on April 18, 2007.

28    The matter is deemed under submission and ready for decision.

## II. STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion. For a Rule 12(c) motion, the allegations of the nonmoving party must be accepted as true, while the allegations of the moving party that have been denied are assumed to be false. Hal Roach Studios, Inc. V. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990) (citation omitted). The motion will be granted if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. See Torbet v. United Airlines, Inc., 298 F.3d 1087, 1089 (9th Cir. 2002). Materials properly attached to a complaint as exhibits may be considered. See Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc., 583 F.2d 426, 429-30 & n. 2 (9th Cir. 1978). However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. Fed. R. Civ. P. 12(c); see also Hal Roach Studios, Inc., 896 F.2d at 1550.

## III. DISCUSSION

A. Exhaustion

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 USC § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In determining whether a plaintiff is a "prisoner confined in jail," the Courts look to the status

1  of the plaintiff at the time he brings suit.  See Page v. M.L. Torrey, 201 F.3d
2  1136, 1140 (9th Cir. 2000); see also Witzke v. Femal, 376 F.3d 744, 750 (7th
3  Cir. 2004).  Although once within the discretion of the district court to
4  enforce, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.
5  Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002).
6  All available remedies must now be exhausted; those remedies "need not meet
7  federal standards, nor must they be 'plain, speedy, and effective.'"  Id. (citation
8  omitted).  Even when the prisoner seeks relief not available in grievance
9  proceedings, notably money damages, exhaustion is a prerequisite to suit.
10 Id.; Booth v. Churner, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958
11 (2001); compare with Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005)
12 (exhaustion not required when *no* pertinent relief can be obtained through the
13 internal process).

14 The State of California provides its prisoners the right to appeal
15 administratively "any departmental decision, action, condition or policy
16 perceived by those individuals as adversely affecting their welfare."  Cal. Code
17 Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative
18 remedies within this system, a prisoner must proceed through several levels of
19 appeal: (1) informal resolution, (2) formal written appeal on a CDC 602
20 inmate appeal form, (3) second level appeal to the institution head or designee,
21 and (4) third level appeal to the Director of the California Department of
22 Corrections.  Cal. Code Regs. tit. 15, § 3084.5.

23 Nonexhaustion under § 1997e(a) is an affirmative defense; defendants
24 have the burden of raising and proving the absence of exhaustion.  Wyatt v.
25 Terhune, 315 F3d 1108, 1119 (9th Cir. 2003).  It should be treated as a matter
26 of abatement and brought in an "unenumerated Rule 12(b) motion rather than
27 [in] a motion for summary judgment."  Id. (citations omitted).  In deciding a
28 motion to dismiss for failure to exhaust administrative remedies under §

1  1997e(a), the court may look beyond the pleadings and decide disputed issues
2  of fact.  <u>Id.</u> at 1119-20.  If the court concludes that the prisoner did not
3  exhausted California's prison administrative process, the proper remedy is
4  dismissal without prejudice.  <u>Id.</u> at 1120.

5       Here, defendants raise nonexhaustion in an unenumerated 12(b) motion.
6  Specifically, defendants argue that plaintiff has failed to exhaust his
7  administrative remedies through the third and final "Director's Level" of
8  administrative review.  (MPA, p. 3.)  In support of their nonexhaustion
9  defense, defendants have filed a declaration from the Chief of Inmate Appeals,
10 wherein the Chief of Inmate Appeals states that "Plaintiff Thomas Henderson
11 did not exhaust all administrative remedies prior to filing this lawsuit against
12 Defendants Collier, Terry, Melching and Comstock."  (Declaration of Chief of
13 Inmate Appeals, p. 3.)  The Chief of Inmate Appeals indicates that no third
14 level appeals were accepted for review from the aforementioned defendants.
15 (<u>Id.</u>) Defendants subsequently filed a Clarification, wherein they do not argue
16 that plaintiff failed to exhaust available administrative remedies at the third
17 level appeal.  Rather, defendants assert that plaintiff did not exhaust available
18 administrative remedies at <u>every</u> level.  (Clarification, p. 2.)  Defendants point
19 to their attached Exhibit 1, wherein plaintiff signed and dated a series of
20 arguments as of "June 22, 2000." (Clarification, Exhibit 1, p. 22.)  However,
21 defendants do not provide any evidence that plaintiff raised the claims and
22 arguments in Exhibit 1 for the first time on June 22, 2000.  In other words,
23 defendant's presentation does not foreclose the possibility that plaintiff raised
24 his claims at some administrative levels before June 22, 2000.  Defendants
25 have the burden of raising and proving the absence of exhaustion.  <u>Wyatt v.</u>
26 <u>Terhune</u>, 315 F3d at 1119.  Accordingly, defendants' motion as to their
27 nonexhaustion defense is **denied without prejudice** to defendants refiling an
28 unenumerated 12(b) motion if defendants obtain evidence supporting their

- 6 -

affirmative defense.[1]

### ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' Request for Partial Judgment on the Pleadings is **denied without prejudice** to defendants refiling an unenumerated Rule 12(b) motion raising defendants' non-exhaustion contention, if evidence warrants the affirmative defense; and

2. Defendants shall have **thirty (30) days** from the date of this Order to file an unenumerated Rule 12(b) motion as to defendants' non-exhaustion defense.

DATED: February 12, 2009

_____/s/_____
MARGARET M. MORROW
United States District Judge

Presented by:

DATED: January 14, 2009

_____/s/_____
JEFFREY W. JOHNSON
United States Magistrate Judge

---

[1] While, in the interests of justice, this Court cannot further delay in rendering a decision on this motion, defendants' motion is denied without prejudice to defendants refiling said motion if defendants obtain supporting evidence.